## LAST WILL AND TESTAMENT OF ELI LILLY

I, ELI LILLY, of Marion County, Indiana, being of sound and disposing mind and memory, do hereby make, publish, and declare this to be my last will and testament, revoking all former wills and codicils by me at any time made.

### ITEM I

I direct that as soon as the same can be paid in the due course of administration of my estate all just debts which are legally enforceable against me at the time of my death, the expenses of my last illness, and of my funeral and burial in my lot in Crown Hill Cemetery, in Indianapolis, and all expenses of administration of my estate shall be paid out of the portion of my estate remaining after provision for the performance of ITEMS III through VIII of this will, such portion being hereinafter designated "Remaining Estate."

Notwithstanding the provisions of Chapter 175 of the Acts of the Indiana General Assembly of 1969, all inheritance, transfer and succession taxes, state and federal, which may be imposed upon my property and estate or upon any bequest or interest hereunder, or on any other property or proceeds of policies of insurance on my life, whether or not a part of my probate estate, that are taxable by reason of my death, shall be paid by my personal representative out of my Remaining Estate and no charge for such taxes shall be made against, and no reimbursement shall be sought from, any bequest or devise under ITEMS III through VIII of this will, the recipient of any property or interest in property not included in my probate estate, or any beneficiary under said ITEMS III through VIII of this will.



EXHIBIT A

EXHIBIT A

## ITEM II

My daughter and only child, EVELYN, died on April 5, 1970. Prior to her death she and her husband, Herbert Barr Lutz, legally adopted an infant child and named her Sarah L. Lutz.

I have deliberately made no provision in this will either for Sarah or Herbert for the reason that each is generously provided for financially from other sources of which I have knowledge.

## ITEM III

I give, bequeath, and devise my summer residence on Lake Wawasee and the following described real estate located in Kosciusko County, Indiana, to-wit:

> Lots 35,36,37,38,39,40,41,42,43,48,49,50,51,52,53 and 54 in Eli Lilly's Second Plat of Wawasee, lying in Section 1, Township 34 North, Range 7 East,

together with the adjoining vacated roadway, all structures and buildings located on the above described real estate, and all of the household furnishings and equipment, and other tangible personal property located in and about said residence, structures, and buildings, to such of the following children of my nephew, JOSIAH K. LILLY III, as shall be living at the time of my death - namely: IRENE KATHERINE LILLY McCUTCHEN, RUTH VIRGINIA LILLY NICHOLAS, ELI LILLY II, GEORGE CHRISTIAN LILLY, JOSIAH K. LILLY IV, and KATE B. LILLY.

## ITEM IV

I give and bequeath all of the family portraits, family photographs, and family and personal papers belonging to me, to the LILLY ARCHIVES now contained in the Lilly Center



-2-

at Eli Lilly and Company, Indianapolis, Indiana.

I have heretofore given to the Trustees of Indiana University my residence property at 5807 Sunset Lane, in the Town of Crows Nest, Indiana, reserving unto myself and my wife, now deceased, life estates in such property. I now give and bequeath all of the household furnishings and equipment located in and about said residence, together with all automobiles, personal effects, and all other tangible personal property, wherever located, except the tangible personal property contained in my summer residence at Lake Wawasee, to the TRUSTEES OF INDIANA UNIVERSITY. The final decision as to the proper division of the property bequeathed under this ITEM IV between the LILLY ARCHIVES and the TRUSTEES OF INDIANA UNIVERSITY shall be made by my Executor.

ITEM V

I give and bequeath to DR. RICHARD E. ALT, of Beverly, Massachusetts, if he survives me, and to HOWARD H. PECKHAM, of Ann Arbor, Michigan, if he survives me, each the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000) payable, at the option of my Executor, in cash or in shares of common stock of Eli Lilly and Company, or partly in cash and partly in stock. In the event my Executor elects to satisfy any portion or all of these bequests by payment in shares of Lilly stock, the value to be assigned such shares shall be that which is finally determined in the federal estate tax return for my estate.

In the event either DR. RICHARD E. ALT or HOWARD H. PECKHAM does not survive me the bequest herein provided for such deceased person shall be paid to his heirs-at-law to be



-3-

determined as though he had died, intestate and a resident of the state of his domicile, at the time of my death.

These bequests shall be paid or satisfied as soon after my death as is convenient for my Executor, but such bequests shall not bear interest or include any dividends payable prior to the transfer of any shares of stock in satisfaction thereof.

## ITEM VI

For a number of years I have been helping certain relatives and friends of mine by making periodic gifts of cash to them. I have done this in order to help maintain these persons on account of their age, health or shrinkage in value of their fixed incomes and I consider it necessary that such gifts continue for so long as they shall live.

To ensure that such financial assistance will continue uninterrupted after my death, I give and bequeath to MERCHANTS NATIONAL BANK & TRUST COMPANY OF INDIANAPOLIS, as Trustee and in Trust, such portion of my estate as shall be amply sufficient to pay to the persons hereinafter named the amounts indicated in Clause 2 of this ITEM VI of my will. As soon after my death as may be practicable my Executor shall determine the portion of my estate which shall be necessary to ensure that all such payments shall be made and it shall thereupon pay over and distribute the portion of such property to the Trustee, which property (hereinafter "Trust Property") shall thereafter be held as a separate fund for the benefit of such persons and upon the following uses, trusts and purposes.

Clause 1. The Trustee shall, upon the distribution to it of the Trust Property, take and hold the Trust Property, the proceeds therefrom and all reinvestments thereof, establish



-4-

and administer the Trust, collect and receive the rents, income and profits from the Trust Property, pay all expenses properly incurred in the administration of the Trust, and, until the termination of the Trust, pay and distribute the Trust Property and the income therefrom in accordance with the following provisions.

Clause 2. I direct that as soon as practicable after my death the Trustee shall commence to pay from the net income of the Trust Property and from the Trust Property, to the extent that it is necessary, to such of the following named persons who are living at my death the respective amounts indicated:

(a) to my cousin FRANCES BARTHELEMY, 1600 Holly Oaks Lake Road East, Jacksonville, Florida 32211, the sum of NINE HUNDRED SIXTY-SIX DOLLARS SIXTY-SIX CENTS ($966.66) to be paid on January 1 of each year for so long as she shall live;

(b) to my cousin MISS ROSE LITTLE, 1714 East 67th Street, Indianapolis, Indiana 46220, the sum of ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400) to be paid on January 1 of each year for so long as she shall live, and the sum of FIVE HUNDRED DOLLARS ($500) per month to allow her to live in a comfortable nursing home until her death.

(c) to my cousin MRS. PAYNE MERCER, 1714 East 67th Street, Indianapolis, Indiana 46220, the sum of NINE HUNDRED DOLLARS ($900) each calendar quarter for so long as she shall live;

(d) to my former secretary, MRS. EVA RICE GOBLE, 9201 East Washington Street, Indianapolis, Indiana 46229, the sum of THREE HUNDRED SEVENTY-FIVE DOLLARS ($375) each month for so long as she shall live;

(e) to MISS GLADYS L. ARNOLD, 3957 Rue Renoir, Indianapolis, Indiana 46220, long the companion and friend of my cousin Elizabeth Lilly, the sum of THREE HUNDRED FIFTY DOLLARS ($350) each month for so long as she shall live;



(f)  to MRS. THELMA PHILLIPS, 17 West 28th Street, Indianapolis, Indiana 46208, long an employee in my home, the sum of TWO HUNDRED FIFTY DOLLARS ($250) each month for so long as she shall live.

Clause 3.  Any income from the Trust Property not so expended shall be accumulated, added to and held as a part of the Trust Property.

Clause 4.  The Trust created by this ITEM VI of my will shall terminate upon the last to die of the persons named in Clause 2 of this ITEM VI and thereupon the entire Trust Property then remaining, with the accumulated income thereon, if any, shall be paid over and distributed, free of Trust, to the charitable, educational and religious institutions and organizations named in ITEM IX of this will in the respective percentage amounts which each is to receive in my Remaining Estate and subject to all of the terms and conditions stated in said ITEM IX.

Clause 5.  In the administration of the Trust created by this ITEM VI of my will the Trustee shall have, in addition to the powers conferred upon it by law, all powers and authority conferred upon the Trustee by Clause 5 of ITEM IX of this will.

## ITEM VII

I direct that my Executor hereinafter named shall pay to each person who, at the time of my death, is either a full-time or part-time employee of mine at my residence on Sunset Lane or at my summer home on Lake Wawasee, a sum of money which my Executor shall deem to be fair and appropriate taking into consideration the length of service in my employment and the salary of each such person at the time of my death.  I hereby



-6-

vest in my Executor full power and authority to determine not only the amounts but also the persons to whom such payments shall be made and the decisions of my Executor shall be final and binding upon all persons concerned.

In this connection I have prepared and delivered to my Executor a memorandum which sets forth my ideas as to amounts which should be paid to each of my full-time or part-time employees, but this memorandum shall serve only as a guide, shall not be a part of this will, and shall not be binding upon my Executor.

### ITEM VIII

For many years my beloved wife, Ruth Allison Lilly, was interested in, and actively supported, a number of charitable, educational and religious institutions. In recognition of her interest and support and as a memorial to her, I give and bequeath Twenty Percent (20%) of all shares of common stock of Eli Lilly and Company which are owned by me at the time of my death to the following charitable, educational, and religious organizations in the percentage amounts indicated, respectively, opposite the name of each such organization:

| Organization | Percentage |
|---|---|
| THE CHILDREN'S MUSEUM OF INDIANAPOLIS, INC., Indianapolis, Indiana | Fourteen Percent (14%) |
| DAY NURSERY ASSOCIATION OF INDIANAPOLIS, Indianapolis, Indiana | Seven Percent (7%) |
| THE BERRY SCHOOLS, Mount Berry, Georgia | Eleven Percent (11%) |
| THE PINEY WOODS COUNTRY LIFE SCHOOL, Piney Woods, Mississippi | Eleven Percent (11%) |



| | |
|---|---|
| ALICE LLOYD COLLEGE,<br>  Pippa Passes, Kentucky | Eleven Percent (11%) |
| THE AMERICAN COMMITTEE<br>  FOR KEEP, INC.<br>  Chicago, Illinois | Seven Percent (7%) |
| FELLOWSHIP IN PRAYER, INC.,<br>  New York, New York | Seven Percent (7%) |
| COOPERATIVE FOR AMERICAN<br>  RELIEF EVERYWHERE, INC.,<br>  Washington, D.C. | Seven Percent (7%) |
| EPISCOPAL DIOCESE OF<br>  INDIANAPOLIS,<br>  Indianapolis, Indiana | Seven Percent (7%) |
| SAVE THE CHILDREN FEDERATION,<br>  INC., Norwalk, Connecticut | Eleven Percent (11%) |
| THE PROTESTANT EPISCOPAL<br>  CATHEDRAL FOUNDATION OF<br>  THE DISTRICT OF COLUMBIA,<br>  a corporate body chartered<br>  by Congress January 6, 1893,<br>  for the exclusive use and<br>  benefit of the Washington<br>  National Cathedral, Mount<br>  St. Alban, Washington, D.C. | Seven Percent (7%) |

## ITEM IX

I give, bequeath, and devise all of my Remaining Estate, as defined in ITEM I of my will, which remains after the performance or provision for performance of ITEMS I through VIII of this will as follows:

Clause 1. To INDIANAPOLIS MUSEUM OF ART, ten percent (10%) of my Remaining Estate, subject, however, to the following conditions and restrictions:

(a) This bequest is made upon the express condition that neither the income from the property hereby bequeathed nor any of the principal shall ever be used for the construction of any building not in existence at the time of my death.

(b) It is my hope and desire that the income from the property hereby bequeathed will be used to defray the costs of operation of the Museum and



-8-

that the principal will be held intact, thus assuring the continuing operation of the Museum for many years to come for the benefit of the people of Indianapolis and surrounding communities. However, it is recognized that in situations of extreme emergency or catastrophe it may become necessary or desirable to use some part or even all of the principal of this bequest. In recognition of this, I reiterate that the only restriction or condition to which the income and principal of this bequest shall be subject is that stated in the foregoing subparagraph (a) of this Clause 1.

<u>Clause 2</u>. To each of the following educational institutions, ten percent (10%) of my Remaining Estate, subject to the conditions expressly stated:

(a) BUTLER UNIVERSITY, at Indianapolis, Indiana, upon the express condition that the principal of the fund hereby given shall be held intact at all times and the income only from such fund shall be subject to a first charge in such amount as may reasonably be required from year to year for the general maintenance and support of CLOWES MEMORIAL HALL and to support the program of education and entertainment which shall be conducted in said Hall for the use and benefit of the public. Any income from such fund (but no principal) remaining after performance of the foregoing provisions of this subparagraph (a) may be used for the general support of BUTLER UNIVERSITY as its Trustees shall determine.

(b) EARLHAM COLLEGE, at Richmond, Indiana, upon the express condition that the income and principal, if necessary, of the fund hereby given, shall be subject to a first charge in such amounts as may reasonably be required from year to year for the general maintenance, support, construction, reconstruction and restoration of the William Conner Residence and surrounding grounds and structures in Hamilton County, Indiana, for the construction, reconstruction, restoration, maintenance and support of any additional buildings which the College may wish to erect in the area, and for the exhibition thereof as an historic site for the education and enjoyment of the public. Any income from such fund (but no principal) remaining after performance of the foregoing provisions of this subparagraph (b) may be used for the general support of EARLHAM COLLEGE as its Trustees shall determine.



-9-

    (c)  WABASH COLLEGE, at Crawfordsville, Indiana, upon the express condition that neither the income nor the principal of the fund hereby given shall ever be used for the construction of any building not in existence at the time of my death.

    (d)  PHILADELPHIA COLLEGE OF PHARMACY AND SCIENCE, at Philadelphia, Pennsylvania, upon the express condition that neither the income nor the principal of the fund hereby given shall ever be used for the construction of any building not in existence at the time of my death.

    <u>Clause 3</u>.  To each of the following institutions ten percent (10%) of my Remaining Estate:

        THE INDIANA HISTORICAL SOCIETY, Indianapolis, Indiana

        THE CHILDREN'S MUSEUM OF INDIANAPOLIS, INC.

    <u>Clause 4</u>.  To each of the following institutions four percent (4%) of my Remaining Estate:

    (a)  ORCHARD SCHOOL FOUNDATION, Indianapolis, Indiana.

    (b)  THE RECTOR, WARDENS, AND VESTRYMEN OF TRINITY EPISCOPAL CHURCH, INDIANAPOLIS, Indianapolis, Indiana.

    (c)  THE RECTOR, WARDENS, AND VESTRYMEN OF ST. PAUL'S EPISCOPAL CHURCH, INDIANAPOLIS, Indianapolis, Indiana.

    (d)  HISTORIC LANDMARKS FOUNDATION OF INDIANA, Indianapolis, Indiana.

    (e)  PARK-TUDOR FOUNDATION, at Indianapolis, Indiana, now operating as a coeducational institution the schools formerly known as Park School for Boys and Tudor Hall School for Girls.

    <u>Clause 5</u>.  I direct my Executor to divide the remaining ten percent (10%) of my Remaining Estate, as heretofore defined, into three (3) equal shares, and I give, devise and bequeath one (1) of such equal shares to each of MERCHANTS NATIONAL BANK & TRUST COMPANY OF INDIANAPOLIS, as Trustee,



THE INDIANA NATIONAL BANK, as Trustee, and AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY, as Trustee, each such share to be held as a separate fund in trust for and upon the following uses, trusts and charitable purposes:

(a) Each of the above named Trustees shall, upon the distribution to it of any property from my estate, take and hold such property, the proceeds therefrom and all investments and reinvestments thereof (Trust Property), establish and administer the Trust, collect and receive the rents, income and profits from the Trust Property, pay all expenses properly incurred in the administration of the Trust, and, until the termination of the Trust, pay and distribute the income (but not the principal) of the Trust Property in installments not less frequent than quarterly in accordance with the provisions of the following paragraph (b).

(b) Each of the Trustees shall pay the net income from the Trust Property held by it to THE RECTOR, WARDENS AND VESTRYMEN OF CHRIST CHURCH, Indianapolis, Indiana, now designated as the Pro-Cathedral of the Episcopal Diocese of Indianapolis, for use in the preservation of Christ Church, for insuring the continuance of Christ Church in its present location on Monument Circle, and generally to assist in carrying on its religious, charitable and educational purposes.

(c) Each of the Trusts created by this Clause 5 of ITEM IX of my will shall be perpetual and shall terminate only if either of the following events occur:

 (i) Christ Church shall cease to exist; or

 (ii) Christ Church shall be removed from its present location on Monument Circle, Indianapolis, Indiana.

In the event of such termination, the principal of each such Trust shall be transferred and delivered, free of Trust and in equal shares, to such of the religious, educational and charitable institutions as are named in the foregoing Clauses 1, 2, 3 and 4 of this ITEM IX of this will, and which are in existence at the time of such termination.

In the administration of each of the trusts created by this Clause 5 of ITEM IX of my will, each of the Trustees shall have the following powers in addition to all of the powers



-11-

conferred by law:

    (a)  The Trustee may, but is not required to, docket the trust in any court having jurisdiction thereof, and in that event shall make such reports as the court shall require.  If the trust is not docketed in court the Trustee shall render an annual account to The Rector, Wardens and Vestrymen of Christ Church, Indianapolis, Indiana.  The Trustee is hereby relieved from compliance with any of the provisions or requirements of any laws pertaining to accountings by trustees now in effect or hereafter enacted in Indiana or in any other state; but the Trustee may make such compliance with any of the provisions of such laws or take advantage of any provisions of such laws as the Trustee shall deem proper.  No bond shall be required of the Trustee for the performance of its fiduciary duties and the Trustee shall not be liable for any losses which may be sustained or shrinkages in value which may occur in the administration of the trust except in the event of a willful breach of trust.

    (b)  For the purpose of paying any liability of the trust or for investment or reinvestment, the Trustee, subject to the provisions of paragraph (c) following of this Clause 5, is authorized and empowered, at any time, and from time to time, to sell, assign, transfer, lease, mortgage, pledge, and convey any real or personal property belonging to the trust and the income therefrom, without any appraisement, notice, bond, or any other formalities, and without any order or orders of court authorizing or confirming such transaction.  Any such sale may be made at public or private sale, with or without notice, for cash or upon credit, or for part cash and upon part credit, and upon such terms and conditions and for such price or prices as the Trustee shall in its judgment deem best.

    (c)  The Trustee is specifically authorized to hold and retain and to invest and reinvest the property of the trust in such securities, including stock of the Trustee Bank, or the stock of any corporation owning the stock of said Bank, or other real or personal property, including common and preferred stocks and investment trusts, as the Trustee shall determine, without the consent of any beneficiary and without any authorizing order of court, notwithstanding any regulation, statutory or otherwise, respecting legal investments of trust funds.

    (d)  The Trustee shall at all times have the right to vote any securities, in person or by proxy, to join in or become a party to any agreement, reorganization, readjustment, merger, consolidation or exchange, to deposit any such securities thereunder,



-12-

to exercise any rights to subscribe to any securities, and to pay and charge principal with any sums which may be required thereby, and to receive and hold, in the Trustee's sole discretion, any new securities issued as a result thereof, and generally to vote, handle, register in the name of a nominee if desired, and deal with any and all of the securities or other property, personal or real, with the same freedom that an absolute owner of such securities or property would have, all without any authorizing or confirming order or orders of court or notice or other formalities and without the consent of the beneficiary of the trust and notwithstanding any provisions of the laws or regulations of any state or of the United States of America, statutory or otherwise, in that respect.

(e) Notwithstanding any provisions to the contrary contained in Chapter 69 of the Acts of the Indiana General Assembly of 1969, the Trustee shall allocate to principal all dividends or distributions (including stock splits) declared and paid in stock of the declaring corporation, all distributions of rights to purchase stock of the distributing corporation, all corporate distributions in liquidation, either partial or complete, all proceeds from the sale or other disposition of trust assets constituting principal and any capital gain distribution by a regulated investment company. The Trustee shall allocate to income all dividends paid in cash or property (other than stock of the declaring corporation), including all dividends which the Trustee has the option to receive in cash or such property, however actually received, but excluding corporate distributions in liquidation, either partial or complete, and any capital gain distribution by a regulated investment company. Notwithstanding the foregoing allocation rules, the Trustee, in its discretion, may allocate any receipt, in whole or in part, to principal or to income, or partly to both, contrary to such rules and in such manner and proportions as the Trustee shall, in its discretion, deem reasonable and equitable in order to preserve the respective interests of the beneficiary in the trust. Any tax levied by any authority, federal, state or foreign, against the trustee by reason of the receipt of any such corporate dividend or distribution or proceeds of sale or other disposition shall be allocated to principal or income in the same proportions as the taxable receipts themselves are allocated.

(f) The beneficiary of the trust shall not assign, transfer, sell, anticipate, alienate, pledge, mortgage, or in any other way encumber or dispose of its interest in the trust, nor shall any such interest be validly levied upon, attached, garnished, or seized by any creditor of any such beneficiary.



<u>Clause 6</u>.  Each gift which:

(i) is made by me after February 9, 1972, to one of the beneficiaries specified in the preceding clauses of this ITEM IX;

(ii) is required to be reported on a federal gift tax return; and

(iii) has a value as stated on such return of more than One Hundred Thousand Dollars ($100,000)

shall be treated as an advancement to such beneficiary and shall be taken into account in determining the portion of my Remaining Estate which passes to such beneficiary in accordance with the following provisions:

(a) The aggregate value as stated on federal gift tax returns of all such advancements shall be added to the value of my Remaining Estate as finally determined for federal estate tax purposes.

(b) After my Remaining Estate has been valued as provided in the preceding subparagraph (a), the value of the portion of the Remaining Estate allocable to each beneficiary under the foregoing clauses of this ITEM IX shall be determined by application of the specified percentage of such beneficiary.

(c) The aggregate values as stated on federal gift tax returns of all such advancements to such beneficiary shall be charged against the portion of my Remaining Estate passing to such beneficiary under this ITEM IX, and the difference shall be the amount to be received by such beneficiary under this ITEM IX.

(d) If the aggregate values of the advancements charged to such beneficiary equal or exceed the portion of my Remaining Estate passing to such beneficiary under the foregoing clauses, then such beneficiary shall receive nothing under this ITEM IX.

(e) The percentage of each beneficiary which has received advancements equal to or in excess of the portion of my Remaining Estate passing to it under Clauses 1, 2, 3, 4 and 5, shall be prorated among the beneficiaries (other than beneficiaries described in the preceding subparagraph (d)) in accordance with their percentages under Clauses 1, 2, 3, 4 and 5 of this ITEM IX.



ITEM X

I nominate and appoint MERCHANTS NATIONAL BANK & TRUST COMPANY OF INDIANAPOLIS as Executor of this will.

I direct that my Executor shall have full power to deal with my estate and to do all acts and things concerning my estate which I could do if living, or which may lawfully be done by persons owning similar assets and property in their own names. During the administration of my estate my Executor shall be vested with all power, authority and discretion conferred by the provisions of Clause 5 of ITEM IX of this will upon the Trustees therein named, including the authority and discretion to pay all or any part of the bequests and devises contained in ITEMS III through IX of this will at such time or times as my Executor shall deem best, and, unless otherwise specifically provided, to distribute all or any part of the income from my estate during the period of administration to the intended beneficiaries of this Will or to accumulate such income for later distribution, as an addition to principal, or for the payment of obligations of my estate.

The powers and authority granted to my Executor by this ITEM X shall not be construed as any limitation upon its powers but shall be in addition to the powers conferred upon my Executor by law.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Indianapolis, Indiana, this 29th day of May, 1973,



and have placed my initials on each of the preceding fifteen (15) pages of this my last will and testament.

*Eli Lilly* (SEAL)

This instrument, consisting of sixteen (16) typewritten pages, was signed, sealed, published and declared by ELI LILLY as and for his last will and testament, in the presence of us, who, at his request and in his presence and in the presence of each other, have hereunto set our names as subscribing witnesses to the due execution of this will at Indianapolis, Indiana, on this 29th day of May, 1973.

*Anita S. Martin* residing at Indianapolis, Indiana

*Byron P. Hollett* residing at Indianapolis, Indiana

-16-